OPINION
Appellant Thomas Knopp appeals a judgment of the Stark County Common Pleas Court, Family Court Division, ordering him to pay $24,890.50 in college expenses for his children:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN ADOPTING THE REPORT OF THE MAGISTRATE SINCE THE PLAINTIFF WAS PRECLUDED FROM RECOVERING COLLEGE EXPENSES ALLEGEDLY PAID BASED UPON THE DOCTRINES OF WAIVER, ESTOPPEL AND LACHES.
 II. THE TRIAL COURT ERRED IN ADOPTING THE REPORT OF THE MAGISTRATE SINCE THERE WAS ABSOLUTELY NO BASIS FOR ORDERING THE APPELLANT TO PAY FOR HIS CHILDREN'S TUITION AND ROOM AND BOARD.
 III. THE TRIAL COURT ERRED IN ADOPTING THE REPORT OF THE MAGISTRATE SINCE THE SEPARATION AGREEMENT ONLY PROVIDED THAT THE APPELLANT WAS TO PAY FOR HIS MINOR CHILDREN'S TUITION OR ROOM AND BOARD.
 IV. THE TRIAL COURT ERRED IN ADOPTING THE REPORT OF THE MAGISTRATE SINCE THE PLAINTIFF PRESENTED INSUFFICIENT AND CONFLICTING EVIDENCE REGARDING THE AMOUNTS FOR TUITION AND ROOM AND BOARD WHICH SHE PAID FOR THE CHILDREN.
The parties in the instant case received a Dissolution of Marriage in 1978. At the time of the dissolution, the parties had three minor children. The children were ages 7, 5, and 22 months at the time.
The Separation Agreement incorporated into the Decree of Dissolution provided in Paragraph 6:
 School. Husband consents and agrees to assume any tuition costs, or room and board costs, if any of the minor children of the parties should attend college or trade school and save the Wife harmless therefrom.
Shelly, one of the parties' daughters, attended and graduated from Malone College. She received a Bachelor's Degree in Education in August of 1994. Appellant did not contribute to the associated cost. Brandy, another of the parties' three children, attended Kent State University for one and one-half years. She then took a semester off from school to re-evaluate her plans to enter nursing. Appellant did not contribute to these costs.
Appellee filed a motion seeking to hold appellant in contempt of court for failure to contribute to the girls' college expenses. Appellant filed a Motion for Declaratory Relief, seeking a declaration of the parties' respective rights and responsibilities pursuant to Paragraph 6 of the Separation Agreement. The case proceeded to a hearing before a Magistrate in the Stark County Common Pleas Court, Family Court Division.
The Magistrate found that appellant was required to pay college tuition and room and board expenses, pursuant to the Separation Agreement. However, as appellant was not presented with any bills or demands for payment, the Magistrate did not find appellant in contempt of court for failure to pay. The report of the Magistrate was approved and adopted by the trial court.
The judgment of the court was appealed to this court. We remanded, as the judgment failed to specify the amount due for college expenses.
On remand, the Magistrate found that appellant was to reimburse appellee $24,890.50: $24,103 for Shelly's college expenses, and $787.50 for Brandy's college expenses.
Appellant objected to the decision of the Magistrate. However, a Notice of Appeal had already been filed. The Family Court found that it did not have jurisdiction to make any orders, as the case was on appeal. However, the court held that it considered the objections on the merits, and believed that the Magistrate had carried out the mandate of our court on remand.
 I.
Appellant argues that the court erred in adopting the report of the Magistrate, as appellee was precluded from recovering college expenses based on the doctrines of waiver, estoppel, and laches.
Appellant asserted these defenses solely in conjunction with the Motion for Contempt. As he was found not guilty of contempt, these affirmative defenses became irrelevant.
The first Assignment of Error is overruled.
 II.
Appellant argues that pursuant to the terms of the Separation Agreement, quoted above, he was to pay for either tuition or room and board, and not both.
The court did not err in concluding that based on the context in which the word "or" is used, the parties intended the word to be used in the conjunctive rather than the disjunctive. There was evidence presented at the hearing that the intent of the parties at the time the agreement was entered was for appellant to assume the expenses of the girls' education, including both tuition and room and board.
The second Assignment of Error is overruled.
 III.
Appellant argues that pursuant to Paragraph 6 of the Separation Agreement, he only needed to pay for tuition and room and board while the children were minors. This contention is without merit.
It is apparent from the context in which the term "minor children" is used throughout the entire Separation Agreement that the term referred to the girls' status at the time the agreement was entered. The term "minor children" is not used as a condition on appellant's duty to provide for college expenses.
Our conclusion that the phrase was used simply to refer to the girls' status at the time of the agreement is buttressed by Paragraph 2, concerning child support. The agreement provides that appellant agreed to pay a certain sum to appellee as support for the minor children. However, the agreement specifically provides that the support obligation continues until the children were eighteen years of age, or otherwise emancipated. If the term "minor children" was intended to be a restriction, rather than a reference to their status at the time of the agreement, there would be no need to specifically terminate child support at the age of eighteen.
In addition, as very few students attend college while they are minors, the agreement would have no meaning if the terms concerning payment of college expenses were meant only to apply until the children turned eighteen.
The third Assignment of Error is overruled.
 IV.
Appellant argues that appellee presented insufficient and conflicting evidence regarding the amounts paid for tuition, room and board.
This claim is without merit.
As for the expenses incurred for Shelly at Malone College, appellee presented the testimony of Elaine Zeman, the Business Office Supervisor at Malone College. She presented exhibits detailing all charges assessed to Shelly's account, and all payments made on such account. Ms. Zeman further testified regarding the amounts on her bill which were payments received by Shelly, her parents, or by grants. The testimony of Ms. Zeman provided sufficient credible evidence to enable the court to determine exactly how much money appellant owed as reimbursement for Shelly's college expenses.
As for Brandy, appellee presented several checks and charge card printouts concerning payments made to Kent State University. On remand, the Magistrate found that the evidence was insufficient to indicate that all of these payments were made for tuition. However, the court allowed reimbursement for one payment of $787.50, as the receipt from Kent State University specifically provided that the payment was for tuition.
The fourth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
By: Reader, J. and Wise, J. concur.
Hoffman, P. J. dissents.